UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEBORAH POWE                                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO.: 1:25-cv-00291-HSO-BWR

LANA AH-YOUNG SHIN;
THE HERTZ CORPORATION;
and JOHN AND JANE DOES 1-10                                                            DEFENDANTS

## THE HERTZ CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant, The Hertz Corporation ("Hertz" or "Defendant"), files this its Memorandum in Support of its Motion for Judgment on the Pleadings, and in support of would show as follows:

### INTRODUCTION

This action arises out of a motor vehicle accident that occurred in Harrison County, Mississippi on April 25, 2023, involving Defendant Lana Shin ("Shin" or "Defendant Shin") and Plaintiff Deborah Powe ("Powe" or "Plaintiff"). Prior to the motor vehicle accident, Shin rented a vehicle from Hertz. [Doc. 4, p. 3 at ¶ 8]. On the day of the motor vehicle accident, Shin was driving the rental vehicle when Powe collided with Shin. [Doc. 4, p.3 at ¶ 8, 9].

On June 26, 2025, Plaintiff filed her Complaint against Shin and Hertz in Harrison County Circuit Court, Second Judicial District. [Doc. 4, p. 2]. According to Plaintiff's Complaint, Plaintiff alleged negligence against Shin, negligent infliction of emotional distress against Shin and Hertz, and negligent entrustment against Hertz. [Doc. 4, p. 4-6]. On August 6, 2025, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint and denied all allegations against it. [Doc. 4, p. 17]. In Defendant's Answer, Defendant asserted the Graves Amendment preemption as an affirmative defense. [Doc. 4, p. 20]. The matter was subsequently removed to the United

1

States District Court, Southern District of Mississippi, Southern Division pursuant to 28 U.S.C. § 1442(a)(1) by Defendant Shin.

Pursuant to Fed. R. Civ. P. 12(c), Defendant requests this Court dismiss Plaintiff's negligent entrustment claim against Hertz, Plaintiff's negligent infliction of emotional distress claim against Hertz, and Plaintiff's vicarious liability claim against Hertz, to the extent Plaintiff seeks such claims. Defendant also asserts the Graves Amendment is a bar to liability based exclusively on its ownership and rental of the car. 49 U.S.C. § 30106.

## LAW AND ANALYSIS

### A. Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion brought under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). Rule 12(c) motions are evaluated using the same standard as a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010) (citing *Doe v. MySpace Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). The central issue is whether the complaint states a valid claim for relief when viewed in the light most favorable to the plaintiff. *Id.* at 544 (quoting *Doe*, 528 F.3d at 418).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In other words, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## B. Analysis

Plaintiff does not plead facts sufficient to support her claims of negligent entrustment and negligent infliction of emotional distress against Defendant. Additionally, to the extent Plaintiff attempts to hold Defendant vicariously liable, 49 U.S.C. § 30106 ("The Graves Amendment") establishes a federal preemption scheme that shields rental and leasing companies from state vicarious liability laws based exclusively on ownership.

**1. Negligent Entrustment Claim**

Under Mississippi law, a plaintiff must prove the following elements in order to make out a prima facie case of negligent entrustment: (1) that the defendant supplied a third party with the chattel in question for the use of the third party; (2) that the supplier of the chattel knew or should have known that the third party would use the chattel in a manner involving an unreasonable risk of harm; and (3) that harm resulted from the use of the chattel. *Bullock Brothers Trucking Company, Inc. v. Carley*, 930 So. 2d 1259, 1262 (Miss. Ct. App. 2005).

When looking at the face of Plaintiff's Complaint, it is evident that Plaintiff does not plead facts sufficient to support her claim for negligent entrustment. Plaintiff merely recites the elements of a negligent entrustment claim, and asserts, without any supporting factual allegations, that Hertz "knew or had reason to know" that Defendant Shin was likely to operate the vehicle negligently due to "youth, inexperience, and/or prior actions".  Plaintiff does not plead any facts that Hertz had any actual knowledge of Defendant Shin's ineptitude, such as prior traffic violations, accidents, license suspensions, her age, or any other indicia of alleged recklessness. In the absence of any such factual support, Plaintiff's claim rest entirely on speculation and legal conclusions, and cannot withstand a 12(c) motion.

**2. Negligent Infliction of Emotional Distress Claim**

To succeed on a claim of negligent infliction of emotional distress, a plaintiff must prove duty, breach, causation, and damages, as well as "some sort of physical manifestation of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant." *Mosley v. GEICO Ins. Co.*, 2014 WL 7882149, at *19 (S.D. Miss. 2014) (internal citation and quotation marks omitted).

The Mississippi Legislature has already defined the duties applicable to a rental car company. The Mississippi Supreme Court has held that pursuant to Miss. Code Ann. § 63-1-67, a rental car company, has a singular duty to ensure the renter has a facially valid, unexpired license to drive. *Cousin v. Enterprise Leasing Company-South Cent., Inc*., 948 So. 2d 1287, 1292 (Miss. 2007). The court in *Cousin* agreed with other circuits that the company does not even have to verify that the license is actually valid. *Id*. at 1292.

Plaintiff fails to plead facts sufficient to support her claim for negligent infliction of emotional distress. Hertz met the duties that the Mississippi Legislature created. Here, Plaintiff

4

does not allege that Hertz breached any duty recognized by the Mississippi legislature. Accordingly, Plaintiff's Complaint should be dismissed.

### 3. The Graves Amendment

The Graves Amendment provides, in relevant part: an owner of a motor vehicle that rents or leases the vehicle to a person "... shall not be liable under the law of any State ... by reason of being the owner of the vehicle ... for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if (1) the owner is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner." 49 U.S.C. § 30106(a).

The Graves Amendment bars a court from holding defendants who are in the business of renting motor vehicles liable for the negligent acts of the drivers of those rented vehicles solely on the basis that the defendant holds title to the motor vehicle. Hertz cannot be liable on the sole basis of owning the vehicle. Moreover, Plaintiff has not pled any negligence or criminal wrongdoing on the part of Hertz. Therefore, Hertz cannot be held liable for the alleged negligence of Defendant Shin, as the Graves Amendment precludes Plaintiff's claim against Hertz.

## CONCLUSION

This Court should find that Plaintiff fails to plead facts sufficient to support a claim for negligent entrustment against Hertz and negligent infliction of emotional distress against Hertz. Further, this Court should find claims by Plaintiff against Hertz are barred by the Graves Amendment because the Graves Amendment preempts Plaintiff's state-law negligence claims. For these reasons, as no viable claim exists against Defendant, Defendant should be dismissed as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant, The Hertz Corporation, respectfully requests that this Motion for Judgment on the Pleadings be granted and Defendant be dismissed with prejudice. Defendant also requests such other relief as this Court deems just and proper.

THIS, the 25th day of November, 2025

Respectfully Submitted,

THE HERTZ CORPORATION

By Its Attorneys

DunbarMonroe, PLLC

 */s/ David C. Dunbar*
David C. Dunbar

OF COUNSEL:

David C. Dunbar (MSB No.6227)
Lauren C. Giddy (MSB No.106275)
Sophia M. Brewer (MSB No.106993)
DunbarMonroe, PLLC
270 Trace Colony Park, Suite A
Ridgeland, MS 39157
Tel.: (601) 898-2073
Fax: (601) 898-2074
Email:  dcdunbar@dunbarmonroe.com
        lgiddy@dunbarmonroe.com
        sbrewer@dunbarmonroe.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

    Ashley Hendricks Duck, Esq.(MSB No.104240)    *ahendricks@cglawms.com*
    Chhabra, Gibbs & Gustavis, P.A.
    120 North Congress Street, Suite 200
    Jackson, Mississippi 39201

    Jessica Bourne Williams, Esq. (MSB No.103922)    *jessica.williams3@usdoj.gov*
    Assistant United States Attorney
    501 E. Court Street, Suite 4.430
    Jackson, Mississippi 39201

THIS the 25th day of November, 2025.

                                            */s/ David C. Dunbar*
                                            David C. Dunbar