IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEBORAH POWE** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:25-cv-291-HSO-BWR** |
| | § | |
| | § | |
| **LANA AH-YOUNG SHIN, et al.** | § | **DEFENDANTS** |

## ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS JOHN AND JANE DOES 1-10 WITHOUT PREJUDICE

On June 26, 2025, Plaintiff Deborah Powe filed a Complaint [1-1] in the Circuit Court of Harrison County, Mississippi, Second Judicial District, against Defendants Lana Ah-Young Shin, The Hertz Corporation, and John and Does 1-10. The case was removed to this Court on September 29, 2025, and the only claims remaining are Plaintiff's claims against John and Jane Does 1-10. *See* Orders [20], [21]. On February 20, 2026, the Court entered an Order [22] to Show Cause why Plaintiff's claims against Defendants John and Jane Does 1-10 should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). *See* Order [22]. Because Plaintiff has not responded, asked for additional time to respond, or shown good cause for her failure to timely serve John and Jane Does 1-10, her claims against these fictitious Defendants should be dismissed without prejudice.

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Under Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Moreover, this Court has inherent authority to dismiss any claim sua sponte for failure to prosecute and failure to comply with Orders of the Court. *See* Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

This action was filed over eight months ago, *see* Compl. [1-1], and has been pending in this Court over five months, *see* Notice [1]. The only claims remaining are against Defendants John and Jane Does 1-10, but there is no indication in the record that any John and Jane Does 1-10 have been named or served with process. *See* Fed. R. Civ. P. 4(m). Plaintiff did not respond to the Court's Order [22] to Show cause why her claims against them should not be dismissed without prejudice, and she has not requested additional time to do so. This case lingers on the Court's docket with no named Defendants remaining. The Court will therefore dismiss Plaintiff's claims against the fictitious Defendants under Rule 4(m), or alternatively for failure to prosecute under Rule 41(b). *See id.*; Fed. R. Civ. P. 41(b); *McCullough*, 835 F.2d at 1127.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Deborah Powe's claims against Defendants John and Jane Does 1-10 are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this the 2nd day of March, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE